United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**KRISTA SAMPSON,**

     **Plaintiff,**

     **vs.**

**LISA LAURETTA, et al.,**

     **Defendants.**

**Case No.: 4:12-cv-3400 KAW**

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

Plaintiff Krista Sampson ("Plaintiff") filed this civil rights lawsuit pro se against Defendants Alameda County Social Services Agency, Lisa Lauretta, and Katherine Moore ("Defendants") on June 29, 2012.  The parties have consented to proceed before a United States Magistrate Judge.  *See* 28 U.S.C. § 636(c).

On September 9, 2012, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court held a hearing on the motion on November 1, 2012.  Plaintiff did not appear at the hearing.  For the following reasons, Defendants' motion to dismiss is granted, and Plaintiff is given leave to file a first amended complaint within three weeks of the date of this order.  If Plaintiff fails to timely file a first amended complaint, the Court may dismiss her case for failure to prosecute.

## I.    Factual Background

Plaintiff claims that this court has jurisdiction over the case "because it arises under the laws of the United States."  It appears that Plaintiff wishes to proceed pursuant to 42 U.S.C. § 1983.  As such, the Court has jurisdiction under 28 U.S.C. § 1331.

Defendants Lisa Lauretta and Katherine Moore are child welfare workers.[1]  (Compl. at 2.) Defendants unlawfully removed Plaintiff's children from her home.  *Id.*  They filed false allegations of medical neglect and failure to complete a court-ordered case plan against Plaintiff.  *Id.*

Defendants violated Plaintiff's rights by taking away her telephone, and taking away her visitation rights because she believes in God.  *Id.*  Defendants told Plaintiff that if she "spoke about god [she] would never see [her] kids again."  *Id.* at 2-3.

Plaintiff's privacy rights were violated when Defendants had her home, car and person searched without cause.  *Id.* at 3.  Plaintiff almost lost her home and car "due to this event."  *Id.*

Defendant Moore harassed Plaintiff by phone and in person, and purposely overscheduled Plaintiff with case plan services so that she would not get her children back.  *Id.*  Defendants violated Plaintiff's due process rights by making court dates without her knowledge, so that she would not get her children back.  *Id.*

Plaintiff writes that "[a]s a result of the defendant's actions against me my left foot has severe edema and pain when I walk or sit too long."  *Id.*  Plaintiff seeks monetary damages from "both of the defendants."  *Id.*  She seeks no other relief.

## II.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that dismissal should be granted where the pleadings fail to state a claim upon which relief can be granted.  Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

In considering a 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to plaintiff.  But "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks

---

[1] Presumably, these Defendants were employed by Alameda County Social Services Agency, and were acting in the course and scope of their employment.

United States District Court
Northern District of California

for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Pro se pleadings are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle*, 429 U.S. at 106 (internal citations omitted).

## III.    Analysis

As set forth below, Defendants' motion to dismiss must be granted.  As a preliminary matter, both parties have filed requests for judicial notice with their pleadings on the motion to dismiss.

A fact may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendants request that the Court take judicial notice of a number of documents that their attorney attests are true and correct copies of Alameda County Superior Court documents.  (Request for Judicial Notice Supporting Defs' Mot. to Dismiss Pl's Compl.)  Defendants filed an additional request for judicial notice with their reply brief, asking the Court to take judicial notice of additional documents that Defendants' attorney attests are true and correct copies of Alameda County Superior Court documents.  (Additional Req. for Judicial Notice Supp. Defs.' Mot. to Dismiss Pl's Compl.)

The Court finds that the existence of the Alameda County Superior Court documents are judicially noticeable; however, statements within these documents are hearsay, and their accuracy

could reasonably be questioned.  Defendants' requests for judicial notice are granted as to the existence of the documents only.

Plaintiff has also filed a request for judicial notice with her opposition to Defendants' motion to dismiss her complaint; she asks that the Court take notice of a number of California Rules of Court.  (Req. for Judicial Notice Supp. Pl.'s Opp. to Defs.' Mot. to Dismiss Compl.)  Plaintiff is advised that she need not—and should not—request that the Court take judicial notice of laws; she may merely cite the laws in her briefs.  In addition, Plaintiff has attached a number of documents to her opposition to Defendants' motion to dismiss, including documents that appear to be court filings, medical records, school records and other documents.  (Opp. to Defs' Mot. to Dismiss Pl's Compl., Exh. A-G.)  As to the apparent court documents, Plaintiff has not attested that they are indeed true and correct copies of court documents.  Because Plaintiff has not established the authenticity of the court documents, and it does not appear that the other documents contain facts which are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," her request for judicial notice is denied.

**A.     Plaintiff's Complaint is Dismissed For Failure to State a Claim.**

As noted above, Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Although Plaintiff's complaint does not name causes of action, she appears to be attempting to make out the following causes of action under Section 1983: violation of her First Amendment rights by restricting her free exercise of religion; violation of her Fourth Amendment rights by illegally searching her home without cause; and violation of her Fourteenth Amendment rights by removing her children from her home without due process.

To state a claim under Section 1983, a plaintiff must allege 1) the violation of a Constitutional right, and 2) that the violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

///

///

United States District Court
Northern District of California

4

1

### 1.    First Amendment Claim

2

Plaintiff alleges that Defendants Lauretta and Moore took away her visitation rights because

3

she believes in God, and that they told her that if she spoke about God she would not see her kids

4

again.

5

The First Amendment of the United States Constitution protects the free exercise of religion.

6

Governmental actions that substantially burden a religious practice must be justified by a compelling

7

state interest and must be narrowly tailored to achieve that interest. *Sherbert v. Verner*, 374 U.S.

8

398, 402-09 (1963).  In order to state a claim under § 1983, a plaintiff establish that the government

9

has placed a substantial burden on his or her free exercise of religion. *Vernon v. City of Los Angeles*,

10

27 F.3d 1385, 1393 (9th Cir. 1994).  Next, the Court must determine whether some compelling state

11

interest justifies the infringement. *Longmire v. City of Oakland*, C 10-01465 JSW, 2010 WL

12

2629818 (N.D. Cal. June 29, 2010).  Notably, parents have a First Amendment right to direct their

13

minor children's religious upbringing. *See Wisconsin v. Yoder*, 406 U.S. 205, 231 (1972).

14

Here, if Plaintiff's complaint is liberally construed, it alleges that Defendants, acting under

15

the color of state law, did not allow Plaintiff to visit her children because of her faith, and coerced

16

Plaintiff to stop talking to her children about her faith.  Losing visitation rights on the basis of her

17

faith and not being able to talk to her children about her faith are substantial burdens on Plaintiff's

18

free exercise of religion.  No compelling governmental interest is apparent.

19

However, Plaintiff's complaint does not explain which Defendant told her that if she spoke

20

about God she would not see her kids again.  Nor does Plaintiff's complaint explain which Defendant

21

or Defendants took away her visitation rights because of her belief in God, or how the Defendant or

22

Defendants accomplished it.

23

Accordingly, the Court finds these allegations must be dismissed with leave to amend.  In her

24

first amended complaint, Plaintiff must explain in detail which Defendant took actions that violated

25

her First Amendment rights.

26

### 2.    Fourth Amendment Claim

27

Plaintiff alleges that Defendants violated Plaintiff's privacy rights by having her home, car

28

and person searched without cause.

United States District Court
Northern District of California

The Fourth Amendment generally bans warrantless searches and seizures in a person's dwelling unless exigent circumstances exist.  *See Kyllo v. U.S.*, 533 U.S. 27, 31 (2001); *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990); *Payton v. New York*, 445 U.S. 573, 588–90 (1980).  The Fourth Amendment also gives citizens the right to be free from unreasonable governmental intrusion in their own homes.  *Kyllo*, 533 U.S. at 31.

Plaintiff's allegations that Defendants violated her privacy rights and searched her home and car without cause are legal conclusions.  Plaintiff must explain the facts that give rise to these claims.  Specifically, Plaintiff should explain in detail which Defendants violated her privacy rights; how her privacy rights were violated; when and for what reason her home and car were searched; and why this search harmed Plaintiff and almost caused her to lose her property.

### 3.      Fourteenth Amendment Claim

As stated above, Plaintiff alleges that Defendants unlawfully removed her children from her home, and filed false allegations against Plaintiff.  Defendant Moore allegedly harassed Plaintiff by phone and in person, and purposely overscheduled Plaintiff with case plan services and made court dates without her knowledge, so that she would not get her children back.

The Fourteenth Amendment guarantees "that parents will not be separated from their children without due process of law except in emergencies."  *Mabe v. San Bernardino County*, 237 F.3d 1101, 1107 (9th Cir. 2001).  Social workers "may remove a child from the custody of its parent without prior judicial authorization only if the information they possess at the time of the seizure is such as provides reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury."  *Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 1999).

Plaintiff's allegation that Defendants "unlawfully" removed her children from her home is a legal conclusion.  Instead, Plaintiff must explain in detail the circumstances under which the children were removed from the home, and the facts explaining why Defendants' actions in removing the children were unlawful.  Plaintiff must also explain what false allegations Defendants made against her; how Defendants overscheduled her and made court dates without her knowledge; what effect these incidents had on the state court juvenile dependency proceedings; and what other harm

1  Plaintiff suffered as a result of these incidents.  Plaintiff should specifically state which Defendant

2  did each action.

3                    **4.**   ***Monell* Liability**

4        Plaintiff names as a Defendant the Alameda County Social Services Agency.  A plaintiff

5  suing a municipality under § 1983 must "identify a municipal 'policy' or 'custom' that caused the

6  plaintiff's injury."  *Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997)

7  (*citing Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978).  "[A]n act performed pursuant to a

8  'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a

9  municipality to liability on the theory that the relevant practice is so widespread as to have the force

10 of law."  *Id.* at 404.

11       Alternatively, a plaintiff may establish that the "decision-making official was, as a matter of

12 state law, a final policymaking authority whose edicts or acts may fairly be said to represent official

13 policy in the area of decision" or that "an official with final policymaking authority either delegated

14 that authority to, or ratified the decision of, a subordinate."  *Ulrich v. City & County of San*

15 *Francisco*, 308 F.3d 968, 984 (9th Cir. 2002).

16       Plaintiff's complaint does not include facts that would support either of these theories of

17 *Monell* liability.  Plaintiff does not allege that the individual Defendants' wrongful acts were done

18 pursuant to a county policy or custom.  Nor does Plaintiff allege that either of the individual

19 Defendants was a final policymaking authority.

20       Accordingly, Plaintiff's claims against Defendant Alameda County Social Services Agency

21 are dismissed with leave to amend.

22       **B.**     **The Rooker-Feldman Doctrine Does Not Necessarily Bar Plaintiff's Claims.**

23       Defendants argue that Plaintiff's section 1983 claim based on Defendants' initiating and

24 prosecuting the state court juvenile dependency proceedings is barred by the *Rooker-Feldman*

25 doctrine.

26       The *Rooker–Feldman* doctrine holds that "[i]f claims raised in the federal court action are

27 'inextricably intertwined' with the state court's decision such that the adjudication of the federal

28 claims would undercut the state ruling or require the district court to interpret the application of state

United States District Court
Northern District of California

United States District Court
Northern District of California

laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). The *Rooker-Feldman* doctrine . . . is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon–Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). The test of whether *Rooker-Feldman* applies focuses on the nature of the relief sought. *Bianchi* at 900. If the plaintiff seeks to "undo" a state court's decision, the *Rooker-Feldman* doctrine prevents the federal court from hearing the plaintiff's claim. *Id.* at 901. *See Doe v. Mann*, 285 F. Supp. 2d 1229, 1233 (N.D. Cal. 2003) *aff'd*, 415 F.3d 1038 (9th Cir. 2005).

Defendants, relying on *Doe v. Mann*, 415 F.3d 1038, 1044-47 (9th Cir. 2005), argue that Plaintiff's complaint "falls squarely within the confines of a *de facto* appeal[] from the stipulated Order in the juvenile dependency proceedings." Def's Mem. of Points and Authorities Supp. Mot. to Dismiss Pl's Compl. at 9. But the instant case is different than the *Doe* case, because Plaintiff does not expressly ask this Court to review or undo the state court's judgment. Plaintiff does not ask that this Court order that her children be returned to her. Nor does Plaintiff ask that this Court review whether the state court's ruling was correct. Instead, Plaintiff appears to be seeking money damages based on Defendants' actions. *See Belinda K. v. County of Alameda*, 10-CV-05797-LHK, 2011 WL 2690356 (N.D. Cal. July 8, 2011) ("Because Plaintiff complains of legal injuries caused by the Defendants' actions, rather than by the Superior Court's judgment, her claims are not barred by the *Rooker–Feldman* doctrine. As Plaintiff neither seeks relief from the state court's judgment, nor alleges error on the part of the state court, she is not "a 'state-court loser' looking to the federal court to second-guess a previously rendered state-court judgment on the merits."). In addition, Plaintiff's allegations regarding Defendants' violation of her first amendment rights may not be barred by the *Rooker-Feldman* doctrine, because, although unclear, the complaint seems to allege that Defendants took away Plaintiff's visitation and telephone rights without going through court proceedings.

However, Plaintiff is cautioned that any claims in her amended complaint that seek to undo the state court's decision will be dismissed pursuant to the *Rooker-Feldman* doctrine.

United States District Court
Northern District of California

### C.  Plaintiff's Claims Are Not Necessarily Barred by Res Judicata.

Defendants also argue that Plaintiff's claims are barred by res judicata.  The concept of res judicata—that is, the preclusive effect of a judgment—encompasses both issue preclusion and claim preclusion.  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit . . . . Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."  *Id.* (internal citations omitted).

Defendants do not appear to argue that res judicata bars Plaintiff's First Amendment claims arising from her allegations that Defendants burdened her religious exercise.  As explained above, Plaintiff has not yet pled sufficient facts to state section 1983 claims relating to Defendants' removal of her children, termination of visitation and phone privileges, and search of her house and car.  Because the factual, and therefore legal, basis of these claims are not yet clear, it is also unclear whether res judicata applies to bar the claims.  The Court cannot yet decide whether Plaintiff's potential claims or the issues within those claims have previously been litigated and resolved.

### D.  Defendants May Not be Entitled to Absolute Immunity.

Finally, Defendants argue that they are entitled to absolute immunity for their decision to institute dependency proceedings.  Social workers do have absolute immunity to make "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents."  *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (citing *Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2003)).  But social workers "are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury, because such actions aren't similar to discretionary decisions about whether to prosecute."  *Id.*

Here, Plaintiff has alleged that Defendants filed false statements against her.  Plaintiff may be able to state facts in her amended complaint that would demonstrate that Defendants are not entitled to absolute immunity.  The motion to dismiss will not be granted on this basis.

IV.     **Orders to Show Cause**

        On October 15, 2012, the Court issued an order to show cause regarding the parties' failure to timely file a joint case management statement before the October 16, 2012 case management conference.  Both Plaintiff and Defendants eventually responded to the order to show cause, although Plaintiff did not do so in a timely manner.  Defendants explained that the failure to file the case management statement resulted from a calendaring error.  Plaintiff, apparently ignorant of her responsibility to file a separate case management statement, explained that Defendants did not contact her to work on the joint case management statement.

        On November 2, 2012, after Plaintiff failed to appear at the hearing on Defendants' motion to dismiss, the Court issued an order to show cause why Plaintiff's case should not be dismissed for failure to prosecute.  Plaintiff responded to the order to show cause, explaining that she had been taking care of a sick relative and could not find anyone else to watch her relative during the hearing.

        At the November 13, 2012, case management conference, Plaintiff submitted her untimely case management statement directly to the Court.  The Court explained to the parties that although they were not required to file joint case management statements, joint statements were encouraged.

        Good cause appearing, the Court discharges both orders to show cause.

V.      **Conclusion**

        Based on the foregoing, it is hereby ORDERED that:

        1.      Defendants' motion to dismiss is granted.

        2.      Plaintiff may file a first amended complaint within three weeks of the date of this order, that is, by December 4, 2012.

        3.      Defendants' requests for judicial notice are granted, and Plaintiff's request for judicial notice is denied.

        In addition, at the November 13, 2012, case management conference, the Court set several dates for further proceedings.  Upon further consideration, the Court vacates the dates set in the case management conference and sets the dates below:

        1.      Defendants may file their response to Plaintiff's first amended complaint within 14 days after Plaintiff files her first amended complaint.

United States District Court
Northern District of California

2.      If Defendants file a motion to dismiss, Plaintiff may file an opposition to the motion to dismiss within 7 days of the filing of the motion to dismiss, and Defendants may file a reply brief within 7 days after that.

3.      If Defendants file a motion to dismiss, the Court will hold a hearing on the motion on January 17, 2013, at 11:00 a.m.

4.      A further case management conference is set for January 29, 2013, at 1:30.  The parties' case management statement or statements is due on January 22, 2013.

The Court's October 15, 2012, and November 2, 2012 orders to show cause are discharged.

It is so ORDERED.

**DATE: November 13, 2012**

_____
**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**

United States District Court
Northern District of California

11